### KINSEY v. KINSEY.

(Supreme Court, Appellate Division, Second Department.  October 6, 1911.)

1. DIVORCE (§ 151*)—NEW TRIAL—NEWLY DISCOVERED EVIDENCE.

In an action for a separation, newly discovered evidence concerning abuse of plaintiff at a time and place not relied upon in the complaint is no ground for granting her a new trial.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 509–513; Dec. Dig. § 151.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. DIVORCE (§ 151*)—NEW TRIAL—NEWLY DISCOVERED EVIDENCE.

In a suit for separation, plaintiff is not entitled to a new trial on the ground of a newly discovered letter written by defendant to a third person in which he spoke uncomplimentarily of plaintiff, where the fact that such letter was written was disclosed at the trial on defendant's examination, but no attempt was then made to procure it.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 509–513; Dec. Dig. § 151.*]

Appeal from Special Term, Westchester County.

Action by Alice T. Kinsey against William S. Kinsey. From a motion granting a new trial, defendant appeals. Reversed, and motion denied.

See, also, 124 N. Y. Supp. 30.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Joseph H. Beall, for appellant.
Henry C. Henderson, for respondent.

WOODWARD, J. This action was brought for a separation on the ground of cruelty. On the trial of the action the learned justice dismissed the complaint upon the merits, accompanying the decision with an opinion, clearly setting forth the reasons therefor. The learned justice who heard the case being absent on his vacation at the time of entering judgment, a motion was made before another justice for a new trial upon the ground of newly discovered evidence, and this motion has been granted. From the order granting such motion, the defendant appeals to this court.

The plaintiff in her complaint alleges that:

"On or about the 31st day of July, 1909, in the privacy of their room at Armour Ville Park, situated in the city of Yonkers, * * * the defendant, without any provocation, struck and beat the plaintiff, severely injuring her face. On or about the 8th day of August, 1909, at the same place, the defendant in a violent temper became abusive and threatened the plaintiff that, unless she got out of the house soon, he would throw her out. On or about the 10th day of August, 1909, at the same place, the defendant again, without any provocation, struck the plaintiff and used insulting and abusive language to her. That the defendant's entire course of conduct toward the plaintiff during the past four months [the complaint being verified the 14th day of September, 1909] has been uniformly insulting, brutal, and abusive."

The learned trial justice reached the conclusion that there was not sufficient in the evidence to show that it was dangerous to the life, limb, or health of the plaintiff to reside with the defendant, aside from alleged assaults upon her, and found that the evidence did not justify holding that such assaults had been committed; that the testimony as to such assaults was that of the plaintiff, uncorroborated, met by the emphatic denial of the defendant, and therefore not established.

[1] The so-called newly discovered evidence does not relate to the times of the alleged assaults, and cannot, therefore, tend in any manner to corroborate the plaintiff's version. Henry W. Vogel, who furnishes the principal alleged newly discovered evidence, says that he was "employed by the defendant to work about his place at Bronxville,

and that he was in the employ of the said defendant for about five weeks at said place," and that he heard the defendant assail the plaintiff, that this took place in the living room of the parties at Bronxville, and that he was on his way to the cellar at the time, and that he remained in the cellar and heard the defendant swear at the plaintiff and call her vile names. But the plaintiff made no allegation of anything occurring at the Bronxville residence in the spring of 1909. She says the assault occurred at the Yonkers residence on the 31st day of July, 1909, and was followed on the 8th and 10th of August by other assaults. If the alleged episode occurred at Bronxville, the plaintiff knew of it, yet she neither mentioned it in her complaint nor in her testimony, and she fails to show that she exercised any degree of diligence in searching for evidence of the alleged episode. She knew that Henry W. Vogel worked upon the premises. She knew that the difficulty, if it occurred, was due to her gift of an old piano to Vogel, and there is nothing to indicate that Vogel would not have told her all about what he had heard if she had mentioned the matter to him. What reason is there for supposing that any different result would occur if the court had before it the testimony of this man? It does not in any degree tend to prove the acts of alleged assault occurring in Yonkers during the summer of 1909. It does not appear to have been important enough so that this dissatisfied wife remembered it when she was seeking to establish her right to a separation.

[2] Then there is an affidavit from one Frances Benton to the effect that some months after this action was started the defendant wrote her a letter, as publisher of a local newspaper, in which he objected to some article which Mrs. Benton had published, and in which he made some very uncomplimentary remarks about his wife and her acts. There is nothing to indicate that the defendant intended this letter for publication. It related to a business matter, and the references to the defendant's wife were made in connection with something which had been published in Mrs. Benton's newspaper evidently in connection with the action which was then pending. The letter was not published to the public. It appears never to have left the hands of Mrs. Benton until it was delivered to the plaintiff after the trial of the action, and just what tendency this private letter, not intended to reach the plaintiff or the public generally, would have in establishing that the defendant had brutally assaulted his wife in July and August, 1909, more than a year prior to the date of the letter, is not clear. But the most conclusive answer to the suggestion that this constitutes newly discovered evidence is found in the record of the trial referred to in the respondent's brief. It appears that the defendant on cross-examination by plaintiff's attorney was questioned in reference to this very letter, and we are asked to hold that it is newly discovered evidence because it is alleged that the defendant did not truthfully disclose the contents of this letter. But the plaintiff, or her attorney, knew there was a letter in which references were made to the plaintiff, and they could easily have procured the same, as there is no suggestion that Mrs. Benton did not deliver it promptly when called upon by the plaintiff, and, if the defendant testified falsely as to its contents, there

might have been a way of making the same appear to the court. But the truth is that the defendant appears to have indicated quite clearly the general character of the letter. He stated its contents as accurately, perhaps, as any man could have done who did not have the letter before him, and it is clearly not to be given the character of newly discovered evidence, for its existence was known and no reason is given for not producing it upon the trial. Just how it would be competent under the pleadings in that action is not clear; and it certainly cannot be brought into the case now.

We fail to find any newly discovered evidence in the sense that that term is understood in law, and it was error to grant the plaintiff's motion for a new trial upon that ground.

The order appealed from should be reversed, without costs, and motion denied, without costs. All concur.